# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

CHIBUEZE C. ANAEME,

      Plaintiff,

vs.                                             No. CIV 05-434 JB/LFG

MEDICAL STAFFING NETWORK (MSN); ALLIED
MEDICAL STAFFING NETWORK, INC.;
PHARMSTAFF; MEDICAL STAFFING NETWORK
OF ILLINOIS; ROBERT ADAMSON, Individually and
in his capacity as Chief Executive Officer (CEO), Medical
Staffing Network (MSN) Allied, Pharmstaff, Medical
Staffing Network (MSN), Inc., and Medical Staffing
Network (MSN) of Illinois; SUSAN NAPOLITANO,
Individually and in her capacity as Vice President Human
Resources/employee of Medical Staffing Network (MSN),
Inc.; PAT DEL VALLE, Individually and in her capacity
as Corporate Employee Relations Manager, Medical
Staffing Network (MSN), Inc.; ROCHELLE FLINT,
Individually and in her capacity as Human Resources
Manager, Medical Staffing Network (MSN), Inc.;
CHRISTINE BRAASCH, Individually and in her capacity
as Accounting Manager, Medical Staffing Network (MSN),
Inc.; DAVE STILLMUNKES, Individually and in his
capacity as Director of Operations, Medical Staffing
Network (MSN), Inc.; MANDY DEUTSCH, Individually
and in her capacity as Accounting Manager, Medical
Staffing Network (MSN), Inc.; JAN CASFORD,
Individually and in her capacity as employee of Medical
Staffing Network (MSN), Inc.; AIMEE MUNDO,
Individually and in her capacity as Employee of Medical
Staffing Network (MSN), Inc.; LINDA MITCHELL,
Individually and in her capacity as Employee of Medical
Staffing Network (MSN), Inc.; KRISTINA KOVACS
Individually and in her capacity as Staffing
Coordinator/employee of Medical Staffing Network
(MSN), Inc.; and DUANE AMBROZ, Individually and in
his capacity as employee of Medical Staffing Network
(MSN), Inc.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint and Memorandum of Law, filed April 18, 2005 (Doc. 2). The Court held a hearing on this motion on June 3, 2005. The primary issue is whether Plaintiff Chibueze C. Anaeme has stated a cause of action for attorney's fees that he allegedly incurred in filing pro se claims with the New Mexico Department of Labor and with the Equal Employment Opportunity Commission. Because Anaeme does not well-plead that he had a contract with the Defendants to pay his fees, and because the Court does not see any statutory basis for his fee claim, the Court will grant the motion to dismiss the Complaint against Defendants Medical Staffing Network, Inc. ("MSN"), Christine Braasch, Mandy Deutsch, Rochelle Flint, Kristina Kovacs, and Dave Stillmunkes (the "moving Defendants").

## FACTUAL BACKGROUND

MSN employed Anaeme as a pharmacist[1] from December 23, 2003, until July 6, 2004. See Complaint ¶ 3, at 2, filed March 16, 2005. His assignments were in New Mexico. See id.

### 1.     The New Mexico Department of Labor Wage Claim.

Anaeme alleges in his Complaint that, on or about August 13, 2004, he filed a claim with the New Mexico Department of Labor for alleged unpaid wages. See id. ¶ 5, at 2. In paragraph 6, Anaeme alleges: "Defendant(s) contractually agreed to pay Plaintiff the aforementioned wages and per diem." Id. ¶ 6, at 2. In paragraph 7, Anaeme alleges that, "[o]n September 1, 2004 Defendants . . . admitted in writing and . . . stated that they owed Plaintiff only [a] 'Sign on Bonus' of $100 and

---

[1]    The moving Defendants assert that Anaeme was a per diem pharmacist and worked as openings became available. See Transcript of Hearing at 17:16-19 (Archuleta). Anaeme denies that he was a per diem pharmacist, and states that he worked at various locations. See Transcript of Hearing at 11:2-7 (Anaeme). The parties agree that Anaeme was paid an hourly rate or wage. See id. at 17:16-20 (Archuleta).

that they had overlooked it . . . , while . . . Plaintiff on several occasions prior to the termination of

his employment with defendants . . . request[ed] of the defendant(s) that he be paid his bonus but was

ignored." Id. ¶ 7, at 2.  He refers to Exhibits B and C.

On or about October 12, 2004, the Department concluded its investigation and closed the

case.  See id. ¶ 8, at 2.  In paragraph 7 of his Complaint, Anaeme refers to, and then attaches to his

Complaint as Exhibit B, the September 1, 2004 letter from Braasch to the Department, which states:

"In performing this review we found that a "Sign on Bonus" of $100 had been overlooked . . .

Enclosed you will find our payroll check number 94101264 in the amount $60.55 which represents

the bonus pay less appropriate taxes."  Letter from Christine Braasch to Henry M. Perez, Law

Administrator, New Mexico Department of Labor (dated September 1, 2004).  The Employer's

Answer to Statement of Wage Complaint, which Anaeme attached as Exhibit C to his Complaint, also

states: "After researching this claim, Medical Staffing Network found that $100.00 was owed for

bonus to the claimant.  This is the only compensation that is due to the claimant."  Employer's

Answer to Statement of Wage Complaint (received by Department on September 2, 2004).

On or about November 22, 2004, Anaeme sent letters to Defendant Robert Adamson, CEO

of MSN, Inc., and Defendant Mandy Deutsch of MSN Illinois, LLC.  See Letter from Chibueze C.

Anaeme to Robert Adamson (dated November 22, 2004); Letter from Chibueze C. Anaeme to Mandy

Deutsch (dated November 30, 2004).  Anaeme refers to these letters in paragraph 12 of his Complaint

and attaches them to same as Exhibits F and G.  Anaeme's correspondence appears to be an invoice

to MSN for legal fees he allegedly incurred as a pro se litigant in pursuing his complaint with the

Department.

According to his Department invoice, Anaeme demanded money from MSN for

the prosecution cost(s) which I incurred with reference to the aforedescribed [sic] wage claim.   Hours spent for retrieval and reviewing of all applicable payroll documents (timesheets, cover letters (fax), expense reports, work schedules, paycheck copies and paycheck stubs) and for computing of wages and Per Diem checks paid to me on the respective wage and Per Diem checks and for time and cost(s) of phone calls and trips to New Mexico Department of Labor office in Albuquerque, N.M[.] from August 13, 2004 to October 22, 2004.

See Letter from Chibueze C. Anaeme to Robert Adamson.   According to his Department invoice, Anaeme's billing rate is $1,000.00 per hour.   Anaeme alleges that he spent 250 hours on prosecuting his alleged wage claim.   Because he spent 250 hours on his claim and bills at a rate of $1,000.00 per hour, he contends that MSN owes him $250,000.00 in legal fees.   See id.

In paragraph 12 of his Complaint, Anaeme alleges that "Defendant(s) refused to pay both aforedescribed [sic] Bills which were mailed to them promptly by Plaintiff while partly admitting Plaintiffs claims in writing."   Complaint ¶ 12, at 3.   Anaeme also asserts that he "is entitled to an interest rate of 15% per annum."   Complaint ¶ 13, at 3.

## 2.    The EEOC Charge.

On or about September 29, 2004, Anaeme filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").   See Complaint ¶ 9, at 2.   After investigating Anaeme's allegations, the EEOC, on or about January 13, 2005, concluded that, "[b]ased upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes" and issued a right to sue to Anaeme.   EEOC Dismissal and Notice of Rights (dated January 13, 2005).   On or about February 9, 2005, Anaeme again sent correspondence to Adamson. See Letter from Chibueze C. Anaeme to Robert Adamson (dated February 9, 2005).   Anaeme appears to refer to this letter in paragraph 12 of his Complaint and attaches the letter to his Complaint as Exhibit E.

-4-

Once again, the correspondence appears to be a bill directed to MSN for the time Anaeme had expended in pursuing his unsuccessful EEOC charge. According to his EEOC invoice, Anaeme spent 150 hours on

> legal research of applicable Labor and Employment law and statutes, retreiving [sic] and reviewing all of the applicable payroll documents and computing of paid and unpaid wages, bonus, per diem and time and cost(s) of related phone calls and trips to the U.S. EEOC office in Albuquerque, N.M. from October 2004 to January 2005.

See Letter from Chibueze C. Anaeme to Robert Adamson (dated February 9, 2005). Based upon Anaeme's estimated time spent on prosecuting his EEOC charge and his stated billable rate of $1,000.00 per hour, Anaeme demanded that MSN pay him $150,000.00.

## PROCEDURAL BACKGROUND

Anaeme filed this matter on or about March 16, 2005 in the Second Judicial District Court in and for the County of Bernalillo, New Mexico. Anaeme named sixteen Defendants, including "Medical Staffing Network (MSN) Allied" and "Pharmstaff." The Defendants represent that these corporate entities do not exist. The Defendants also contend that Anaeme improperly named MSN of Illinois, LLC as "Medical Staffing Network of Illinois."

Anaeme's Complaint states that it is a "Complaint for Debt and Monies Owed." Complaint at 1. Anaeme alleges:

> Defendant(s) owe Plaintiff a total of $400,000 (Four hundred thousand dollars) for fees and costs he incurred in reference to the New Mexico Department of Labor Wage claim investigation for which defendant(s) were billed $250,000 and the U.S. EEOC Charge of Discrimination investigation for which defendants were billed $150,000 for the total hours spent by Plaintiff on legal research of applicable Labor and Employment and wage law and statutes, retrieving and reviewing of all related Medical Staffing Network (MSN), Inc., Pharmstaff and Medical Staffing Network (MSN) Inc. payroll documents and for computing of paid and unpaid wages, per diem and costs of applicable phone calls and trips to the U.S. EEOC office in Albuquerque, N.M. and New Mexico Department of Labor . . .

Id. ¶ 11, at 3.

Anaeme further alleges that "Defendant(s) refused to pay both aforedescribed [sic] Bills which were mailed to them promptly by Plaintiff." Id. ¶ 12, at 3.  Finally, Anaeme contends that he is entitled to an interest rate of 15% on his alleged claim of $400,000.00.  See id. ¶ 13, at 3.

On or about April 1, 2005, Anaeme served Braasch, Deutsch, Kovacs, and Stillmunkes.  See Notice and Petition for Removal ¶ 2, at 2.  On or about April 6, 2005, Anaeme served Flint and Medical Staffing Network, Inc. (MSN).  See id.  The Defendants contacted Anaeme by telephone before they filed this motion.  The Defendants' counsel advised Anaeme of the Defendants' removal, Motion to Dismiss, and Motions for Permission to Appear Pro Hac Vice via telephone, as D.N.M. LR-Civ. 7.4 requires.  Anaeme gave telephonic concurrence in the Motions for Permission, but denied concurrence in the Motion to Dismiss.

The Defendants served all these filings, including the Motion to Dismiss, via first class mail on April 18, 2005 to Anaeme's address of record.  See Motion to Dismiss at 13.  Also on or about April 18, 2005, the Defendants removed the action to the United States District Court for New Mexico, alleging complete diversity between Anaeme and all Defendants.

On April 18, 2005, MSN, Braasch, Deutsch, Flint, Kovacs, and Stillmunkes (the "moving Defendants"), pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure and Local Rule 7.5, filed this Motion to Dismiss, asking the Court to dismiss Anaeme's Complaint for failure to state a claim upon which the Court can grant relief.  While other individual Defendants are named in the caption, Anaeme has not personally served the nonmoving Defendants.  The Defendants assert that, to the extent Anaeme serves any nonmoving parties before the Court rules on this motion, this

Motion to Dismiss applies to all Defendants named in the caption. At the time that the Court entered this Memorandum Opinion and Order, Anaeme had not served Defendants: (i) Pharmstaff; (ii) Medical Staffing Network of Illinois; (iii) Medical Staffing Network (MSN) Allied; (iv) Robert Adamson; (v) Pat Del Valle; (vi) Susan Napolitano; (vii) Jan Casford; (viii) Aimee Mundo; (ix) Linda Mitchell; and (x) Duane Ambroz.

Plaintiff Chibueze C. Anaeme did not file a response fourteen days after service of the Motion to Dismiss, as D.N.M. LR-Civ. 7.6 requires. Anaeme did not otherwise respond to this motion. On May 13, 2005, the moving Defendants filed their Reply Brief in Support of Their Motion to Dismiss (Doc. 8). On May 16, 2005, the Defendants filed a Notice of Completion of Briefing on Defendants' Motion to Dismiss (Doc. 9).

## LEGAL STANDARD FOR MOTIONS TO DISMISS

A court may dismiss a complaint pursuant to rule 12(b)(6) if it fails to state a claim upon which the court may grant relief. Dismissal of a complaint pursuant to rule 12(b)(6) is appropriate if "it appears beyond any doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Sutton v. Utah State Sch. for Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). "All well-pleaded factual allegations in the complaint are accepted as true . . . and viewed in the light most favorable to the nonmoving party." GFF Corp. v. Associated Wholesale Grocers, 130 F.3d 1381, 1384 (10th cir. 1997)(citing Ash Creek Mining Co. v. Lujan, 969 F.2d 868, 870 (10th Cir. 1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). A rule 12(b)(6) motion "admits all well-pleaded facts in the complaint as distinguished from conclusory allegations." Smith v. Plati, 258 F.3d 1167, 1174 (10th Cir. 2001)(citation omitted). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess

whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991). The Court resolves all reasonable inferences in the non-moving party's favor. See Poole v. County of Otero, 271 F.3d 955, 962 (10th Cir. 2001).

## LAW REGARDING AWARDS OF ATTORNEY'S FEES

New Mexico follows the American rule with respect to attorney's fees. See Craft v. Sunwest Bank of Albuquerque, 84 F.Supp.2d 1226, 1238-39 (D.N.M. 1999) ("In the absence of statutory authority to the contrary, parties pay their own attorney's fees."); Garcia v. Jeantette, 134 N.M. 776, 780, 82 P.3d 947, 951 (Ct. App. 2003) ("[G]enerally, a party may recover attorney fees only when authorized by statute, court rule, or an agreement expressly providing for their recovery." (citing Monsanto v. Monsanto, 119 N.M. 678, 681, 894 P.2d 1034, 1037 (Ct. App. 1995))); Credit Inst. v. Veterinary Nutrition Corp., 133 N.M. 248, 256, 62 P.3d 339, 347 (Ct. App. 2002)("As a general rule, litigants are responsible for their own attorney fees absent statutory authority or some other authority such as a contract allowing such fees.")(quoting Springer Group, Inc. v. Wittelsohn, 128 N.M. 36, 42, 988 P.2d 1260, 1266 (Ct. App. 1995)).

42 U.S.C. § 2000e-5(k) provides that, "[i]n any action or proceeding under [Title VII], the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs . . . ." There is a split of authority concerning whether a district court has jurisdiction over an action brought solely to recover attorney's fees. Compare Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000) ("The jurisdictional grant [Title VII] does not extend to independent action solely for attorney's fees and costs incurred during the course of the Title VII administrative process."), with Jones v. American

State Bank, 857 F.2d 494, 497-99 (8th Cir. 1988)(holding that the district court had jurisdiction over a claim solely for attorney's fees incurred in previous mandated state proceedings).

The United States Court of Appeals for the Tenth Circuit has not addressed the narrow issue whether a district court has jurisdiction over a claim brought solely to recover attorney's fees under Title VII.  The Tenth Circuit did, however, decide a similar issue in Slade v. United States Postal Service, 952 F.2d 357, 361 (10th Cir. 1991).  Slade held that a district court may have jurisdiction over a claim for attorney's fees under Title VII, including fees incurred in administrative proceedings for Title VII, where the claimant voluntarily abandoned his substantive claim and the attorney's fees claim was the sole remaining issue to be litigated.  See id. at 360-61.  In reaching this conclusion, the Tenth Circuit relied upon New York Gaslight Club, Inc. v. Carey, 447 U.S. 54 (1980), where the Supreme Court of the United States held that an action for attorney's fees could be brought under Title VII for legal services performed in state administrative and judicial proceedings.  See New York Gaslight Club Inc. v. Carey, 447 U.S. at  61-66.  In both Slade and  Carey, the plaintiffs initially brought the actions seeking substantive relief under Title VII along with a claim for attorney's fees, and in both federal actions, the substantive claim was dismissed, leaving the claim for attorney's fees as the sole remaining issue to be litigated.  See New York Gaslight Club Inc. v. Carey, 447 U.S. at 59; Slade v. United States Postal Service, 952 F.2d 357 at 359.

After Carey was decided, but before the Tenth Circuit decided Slade, the Supreme Court of the United States held in North Carolina Dep't of Transp. v. Crest St. Cmty. Council, Inc., 479 U.S. 6 (1986), that a federal court is not authorized to entertain a suit filed solely to recover fees pursuant to 42 U.S.C. § 1988(b) because a suit solely for attorney's fees is not an action by itself to enforce § 1988.  See North Carolina Dep't of Transportation v. Crest St. Cmty. Council, Inc., 479 U.S. at

12-15.  In <u>Crest St. Cmty. Council, Inc.</u>, the plaintiffs did not bring the action seeking substantive

relief under § 1988, but rather brought an action solely to recover attorney's fees under § 1988, much

like the case before this Court.  <u>See id.</u>  The Court in <u>Slade</u> specifically declined to rely on <u>Crest St.</u>

<u>Community Council, Inc.</u>, and, indeed, found it distinguishable based on the statute's plain language.

<u>See</u> <u>Slade v. United States Postal Service</u>, 952 F.2d 357 at 360-61.  The Tenth Circuit found that the

language of Title VII, "in any action or proceeding under this subchapter," did not equate to the

language in § 1988, "to enforce," and, therefore, while a claim solely seeking attorney's fees could

not be brought pursuant to § 1988, a claim could be brought under Title VII where the substantive

claim had been abandoned, and attorney's fees was the sole remaining issue to be litigated.  <u>See</u> <u>id.</u>

Defendants contend that the case before this Court is distinguishable from <u>Slade</u>, in that the

Plaintiff here did not initially bring a substantive claim, but only brought a claim for attorney's fees.

This distinction is not compelling.  The Tenth Circuit based its decision in <u>Slade</u> on the statute's plain

language, and on the policy reasons set forth in <u>Carey</u>.  <u>See Slade v. United States Postal Service</u>, 952

F.2d at 360-61 ("The [Carey] Court noted that if fees were authorized only where plaintiff had

grounds independent of those for attorney's fees to bring suit under Title VII, such independent

grounds usually would not be difficult to find. An incentive to proceed to federal court as soon as

possible, such as the availability of a fee award, would undermine the congressional intent to

encourage full use of state remedies.").  The reasoning relied on by the Tenth Circuit in <u>Slade</u>

compels this Court to find similarly that a suit can be brought under Title VII solely for attorney's

fees.

To be a prevailing party under Title VII, the moving party must show entitlement to some

relief on the merits of the claims.  <u>See</u> <u>Slade v. United States Postal Service</u>, 952 F.2d at 362 ("Unless

a party has established his entitlement to some relief on the merits of his claims, he is not a prevailing party entitled to an award of attorney's fees.")(citing <u>Hanrahan v. Hampton</u>, 446 U.S. 754, 757 (1980)).  "'At a minimum, to be considered a prevailing party . . . , the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between himself and the defendant.'" <u>Id.</u> (quoting <u>Texas State Teachers Ass'n v. Garland Indep. School Dist.</u>, 489 U.S. 782, 792 (1989)).

Finally, 42 U.S.C. § 2000e-5(k) does not allow a pro se plaintiff to recover attorney's fees under the statute.  <u>Hawkins v. 1115 Legal Services Car</u>, 163 F.3d 684, 694-95 (2d Cir. 1998) ("Although a prevailing plaintiff in a § 1981 or Title VII action is ordinarily entitled to recover reasonable attorney's fees under 42 U.S.C. § 1988 or 42 U.S.C. § 2000e-5(k), respectively, a *pro se* plaintiff is not allowed to recover attorney's fees for representing herself")(citing <u>Kay v. Ehrler</u>, 499 U.S. 432, 438 (1991)).

## <u>ANALYSIS</u>

Anaeme's failure to file and serve a response in opposition to the Defendants' Motion to Dismiss, within the time that the local rules prescribe, constitutes consent to grant the motion.  <u>See</u> D.N.M. LR-Civ. 7.1(b).  Thus, the Court could deem concurrence as given, which alone would warrant dismissal.  Nevertheless, the Court has carefully reviewed the file and also determined that Anaeme's Complaint does not state a legal claim upon which the Court may grant him relief.  The Complaint neither alleges any facts nor presents any recognized legal theory for recovery of the fees alleged therein as damages.

**I.    ANAEME HAS NOT ALLEGED A CONTRACTUAL BASIS FOR HIS FEE CAUSE OF ACTION.**

Anaeme alleges that he is owed $400,000.00 because he sent two alleged legal bills to Adamson and one to Deutsch. The fairest reading of Anaeme's Complaint is that he is relying on his correspondence to Adamason and Deutsch -- demanding legal fees for filing a complaint with the New Mexico Department of Labor and the EEOC -- as the alleged contracts upon which he is suing. This correspondence, however, is without any legal effect. Even if the Court reads the Complaint liberally in Anaeme's favor, as it must, and assumes that there is some allegation of a breach, Anaeme has not pled any facts demonstrating that Anaeme and the Defendants entered into an agreement to pay Anaeme the fees he alleges they owe him. Nothing in the Complaint mentions a contractual agreement between Anaeme and the Defendants concerning attorney fees. There is no language or facts to which the Court can point in the Complaint that alleges a contractual agreement for attorney fees. The face of the Complaint is merely asking for attorney fees, because the Defendants owed Anaeme for work done.

Anaeme does not well plead that the Defendants entered into any agreement with him to pay his legal fees associated with the New Mexico Department of Labor complaint or with the EEOC charge. The only contracts to which Anaeme refers or attaches are his three letters. "A valid contract must possess mutuality of obligation." Heuser v. Kephart, 215 F.3d 1186, 1192 (10th Cir. 2000)(interpreting New Mexico law). The letters that Anaeme sent to the Defendants do not evince a mutuality of obligation. Anaeme asserts no more than that he sent an unsolicited bill to the Defendants and they refused to pay it. These allegations do not allege a legitimate claim either for a breach of contract or for recovery of contract-based fees. There is thus no alleged contract between

Anaeme and any named Defendant expressly providing for recovery of the alleged fees.  Accordingly, Anaeme's Complaint does not state a cause of action either for, or based on, a breach of contract for attorney fees.

Anaeme has also not alleged any other cause of action.  While naming many Defendants, he sent his alleged invoice for the EEOC charge only to Adamson and his Department invoice only to Adamson and to Deutsch.  There are no allegations in Anaeme's Complaint relating to Medical Staffing Network (MSN) Allied, which is not a legal operating entity, Pharmstaff, which is not a legal operating entity, Medical Staffing Network of Illinois, Napolitano, Del Valle, Flint, Braasch, Stillmunkes, Casford, Mundo, Mitchell, Kovacs, or Ambroz.  While some of these names appear at the bottom of his correspondence, Anaeme has not alleged any claim upon which the Court can grant relief against these Defendants.

## II.   ANAEME IS NOT ENTITLED TO FEES FOR FILING A NEW MEXICO DEPARTMENT OF LABOR COMPLAINT.

There is also no statutory authority authorizing fee recovery for Anaeme filing a complaint with the Department.  Assuming Anaeme's facts as well pled, the Complaint does not state a compensable cause of action for fees allegedly incurred in his administrative wage claim. There are no fees recoverable based on the applicable administrative procedures and statutes. Anaeme is not statutorily entitled to fees for filing a complaint with the New Mexico Department of Labor.

### A.   THE STATE ADMINISTRATIVE CODE DOES NOT SUPPORT ANAEME'S CLAIM FOR FEES.

The New Mexico Administrative Code does not permit Anaeme to recover fees.  See 11 NMAC 1.4 (1998).  The standards and procedures for administering Anaeme's Statement of Wage Claim, see NMAC 1.4.8, pursuant to the New Mexico wage and hour statutes, are set forth in the

New Mexico Administrative Code, see 11 NMAC 1.4.6.  First, there is nothing in the Code that states or that reasonably implies an employee making a wage claim thereunder has any entitlement to fees or costs.  The Court construes this absence to mean that there was no legislative intent for fee recovery for wage claims under the Code.  See N.M. Dept. of Health v. Ulibarri, 115 N.M. 413, 416, 852 P.2d 686, 689 (Ct. App. 1993)(finding that administrative agency rules are construed in the same manner as statutes);  N.M. State Highway Dept. v. Silva, 98 N.M. 549, 55, 650 P.2d 833, 839 (Ct. App. 1982)(partly relying on silence of the statute in denying attorney fees where State Personnel Act was silent on fees).

Second, the Code provides that only an employee who has an inability to afford legal counsel may file a wage claim.  See NMAC 11.4.8.  A reading of the rule that would permit attorney fees to be awarded to those who file claims, where the purpose of the rule is to allow those who cannot afford legal counsel to file claims, would defy logic.  If the rule allows only those who cannot afford legal counsel to file a wage claim under NMAC 11.4.8, then it would be illogical to allow those same employees, who cannot afford counsel, to recover attorney fees.

## B.    THE CONTROLLING STATUTE DOES NOT PROVIDE FOR ATTORNEY FEES.

NMSA § 50-4-1 to § 50-4-32 (1978), contains New Mexico's law governing wage claims and demonstrates that Anaeme cannot recover fees under his wage-based claim.  NMSA § 50-4-26 provides that a party can be awarded attorney fees and costs in addition to a judgment awarded from an action brought in court.  The statute does not, based on its language, authorize payment of fees and costs where, as here, the employee has not brought a cause of action in court.  See id.  In addition, there was not a prerequisite "judgment awarded" against MSN.  See § 50-4-26B(2).

-14-

Because Anaeme did not bring a cause of action in court, and was not awarded a judgment, he is not entitled to attorney fees under § 50-4-26. The statute is otherwise silent as to attorney fees for wage claims.

Anaeme in his Complaint contends that attorneys fees are permissible under NMSA § 39-2-2.1, which provides; "In any civil action in the district court, small claims court or magistrate court to recover on an open account, the prevailing party may be allowed a reasonable attorney fee set by the court, and taxed and collected as costs." Complaint at 3. This provision requires on its face that, before attorney fees can be collected, there has to have been a civil action in district, small claims, or magistrate court. There are no facts in the Complaint alleging that any court action occurred before the one now before the Court. Because there is no underlying court action, Anaeme may not recover attorney fees pursuant to § 39-2-2.1.

## III.   ANAEME IS NOT ENTITLED TO ATTORNEY FEES UNDER TITLE VII.

Anaeme filed a Charge of Discrimination with the EEOC on or about September 29, 2004. See Complaint ¶ 9, at 2. The EEOC investigated his Charge. See EEOC Dismissal and Notice of Rights. At the conclusion of the investigation, the EEOC found that, "[b]ased upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes." Id. The EEOC issued Anaeme a "Notice of Suit Rights." Id.

Anaeme  is not entitled to fees for filing a charge with the EEOC. He did not obtain any of the relief he sought in his EEOC charge, nor does he point to a resolution of the dispute that changes the legal relationship between himself and the defendant. In his Charge, Anaeme complained that he was not paid his wages and that he was discharged without any reason. See EEOC Charge of Discrimination (dated September 29, 2004). Anaeme does not allege that he obtained his job back

or any back pay as a result of his charge of discrimination.  He has not alleged any facts in his complaint that would meet the "prevailing party" test as articulated in <u>Slade v. United States Postal Service</u>, 952 F.2d at 362, and therefore, is not entitled to legal fees as a prevailing party under Title VII.

Finally, Anaeme represented himself in filing a charge with the EEOC.  Even assuming he met the standard of "proceeding" and was a "prevailing party," the law does not allow him to recover fees as a pro se Plaintiff under Title VII.  Anaeme therefore fails to plead a claim for attorney fees under Title VII.

Accordingly, the Complaint is insufficient to state a compensable claim.  Anaeme's Complaint lacks merit.  Anaeme's Complaint does not state a claim upon which the Court can grant relief.  Dismissal is proper.  The Court will, pursuant to rule 12(b)(6), dismiss Anaeme's Complaint against the moving Defendants.

## IV.   <u>THE COURT WILL NOT GRANT THE DEFENDANTS ATTORNEYS' FEES.</u>

The Defendants contend that Anaeme filed his Complaint solely with the intent to harass and annoy the Defendants in violation of the Federal Rules of Civil Procedure.  The Defendants do not state, however, what rule Anaeme violated or where in the Federal Rules of Civil Procedure Congress has changed the American rule for federal litigation.  If the Defendants are implicitly invoking rule 11 with their charge that the Complaint is frivolous, they have not complied with its requirements.  Rule 11 requires a party to undertake certain steps before asking the Court to award  rule 11 sanctions.  Rule 11 requires the party to make a motion for sanctions "separately from other motions or requests and [to] describe the specific conduct alleged to violate [rule 11] subdivision (b)."  Fed. R. Civ. P. 11(c)(1)(A).  The motion must be served, but may not be filed with the Court unless

"within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." Id. "If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion." id.

It does not appear from the materials presented that the moving Defendants complied with the procedural requirements for filing a motion for sanctions under rule 11. See id. The Court will, therefore, deny Defendants' request for sanctions. Accordingly, the Defendants are not entitled to their fees and costs for defending this case.

**IT IS ORDERED** that the Defendants' Motion to Dismiss is granted in part and denied in part. The Defendants Motion to Dismiss Plaintiff's Complaint is granted. The Defendants request for an award of their fees and costs associated with defending this litigation is denied. The Plaintiff's Complaint for Debt and Monies Owed against Defendants Medical Staffing Network, Inc., Christine Braasch, Mandy Deutsch, Rochelle Flint, Kristina Kovacs, and Dave Stillmunkes is dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Chibueze C. Anaeme
Albuquerque, New Mexico

    *Plaintiff pro se*

Stephanie L. Adler
Kristyne E. Kennedy
Jackson Lewis, LLP

Orlando, Florida

-- and --

S. Charles Archuleta
Keleher & McLeod, P.A.
Albuquerque, New Mexico

*Attorneys for the Defendants*